UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TERRY L. JONES            )
                          )
v.                        )        NO. 2:05-CV-38
                          )
JO ANNE B. BARNHARDT,     )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Terry L. Jones has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Jones was born in 1958 and was 46 years old at the time of her administrative hearing. [Tr. 19, 401]. She graduated high school and has relevant past work experience as a daycare provider. [Tr. 13, 401]. Ms. Jones alleges she is disabled as of July 23, 2003, from fibromyalgia, Raynaud's disease, a blood disorder, deep vein thrombosis, high blood pressure, osteoarthritis, and depression. [Tr. 14]. Based upon a finding that her severe impairments were not severe enough, the

Administrative Law Judge [ALJ] found that Ms. Jones was not disabled as defined by the Social Security Act. [Tr. 16].

At Ms. Jones' administrative hearing held on August 24, 2004, the testimony of Ms. Jones, her friend Mary Stanton, and vocational expert Donna Bardsley was received into evidence. [Tr. 401-22]. Ms. Jones testified she worked from 1989 until 2003 as a day care provider. [Tr. 401]. She quit in 2003 because she believed she could no longer properly care for the children. [Tr. 402]. Ms. Jones testified she is unable to work now because she cannot stand or sit for long periods of time, is in constant pain, and "just can't function right." [Tr. 403]. She was first diagnosed in 1992 with fibromyalgia. [Tr. 404]. She also has problems with a blood clot in the wrist area of her right arm, nerve damage in her left leg, dizziness, drowsiness, weight loss, high blood pressure, pain in her arms, shoulders, and back, Raynaud's disease, depression, and anxiety attacks. [Tr. 404-08, 410-12].

Mary Stanton, a friend of Ms. Jones', testified next. [Tr. 417-19]. She sees her, on average, several times a week. [Tr. 417-18]. Ms. Stanton cooks for Ms. Jones, helps her with doctor appointments, and takes her to the grocery store. [Tr. 418].

Vocational expert Donna Bardsley testified that Ms. Jones' past relevant work as a daycare provider was medium and skilled. [Tr. 420]. The ALJ then asked her

to assume a woman of Ms. Jones' age, education, and work background who was restricted to light work activity (lifting no more than 20 pounds occasionally and 10 pounds frequently) with no squatting, bending, or exposure to cold temperatures and only simple and unskilled jobs. [*Id*.]. According to the vocational expert, such a person could work as a ticket seller, information clerk, order clerk, cashier, and sales clerk. [Tr. 421].

The ALJ ruled that Ms. Jones was not disabled because her severe impairments of fibromyalgia, Raynaud's disease, osteoarthritis, deep vein thrombosis, and a depressive disorder were not severe enough to warrant a finding of disability. [Tr. 16]. The ALJ then found Ms. Jones retained the residual functional capacity [RFC] to perform simple, unskilled light work that does not involve squatting or bending or exposure to cold temperatures. [*Id*.]. With those limitations, Ms. Jones could perform work that exists in significant numbers in the national economy. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to

support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Jones requests a judgment on the pleadings and challenges the ALJ's evaluation of Dr. Jose Velasco's opinion about her RFC. As Ms. Jones' treating physician, Dr. Velasco completed on July 7, 2004, a Medical Statement Regarding Fibromyalgia for Social Security Disability form on her behalf. [Tr. 381]. On the form, the doctor only indicated the symptoms of fibromyalgia from which Ms. Jones suffered. [*Id.*]. He left blank the section that asked for his medical opinion about her limitations and abilities. [*Id.*].

The medical evidence shows that on the same day Dr. Velasco completed the form, he also told Ms. Jones that he would not do "any disability rating at this time" and that he would attempt to complete as much of the form as he could. [Tr. 363]. However, he would need to have her evaluated by a physical therapist regarding her functional capacity before he could comment on her limitations and abilities. [*Id.*]. Because such an evaluation never took place and because Dr. Velasco never indicated how severely Ms. Jones was affected by fibromyalgia, it was reasonable for the ALJ to disregard the opinions expressed on the form.

4

Ms. Jones also asserts the hypothetical question posed to the vocational expert was flawed because it did not accurately portray her physical and mental impairments. Specifically, Ms. Jones states that the ALJ should have mentioned Dr. Marianne Filka's assessment that "she would not tolerate well working outside or working in a cold environment" because of her Raynaud's disease. [Tr. 308]. In his hypothetical question asked of the vocational expert, the ALJ mentioned a person's ability to "do no work that would expose her to cold temperatures." [Tr. 420]. As such, the ALJ did address that concern. Regarding her mental impairments, Ms. Jones complains the ALJ did not properly account for them in the hypothetical question asked of the vocational expert. The ALJ mentioned Ms. Jones would need to be employed in simple, unskilled positions. [Tr. 420]. The ALJ based this need on the opinion of Pamela Branton, a consultative psychological examiner, instead of on the opinion of a consultative physician.[1] [Tr. 17]. According to the ALJ, Ms. Branton's opinion was of paramount weight because Ms. Jones' history is void of mental health treatment. Because it is the province of the ALJ and not this court to weigh conflicting evidence, this court finds there was substantial evidence to include a

---

[1] Ms. Branton concluded that Ms. Jones was somewhat limited in her ability to understand, remember, concentrate, and adapt. [Tr. 301-02]. The consultative physician (whose name is illegible) concluded Ms. Jones was moderately limited in her ability to maintain attention, concentration, and pace. [Tr. 321, 325].

5

limitation for simple, unskilled work in the hypothetical question asked the vocational expert based on Ms. Branton's opinion.

Lastly, Ms. Jones argues the testimony of the vocational expert did not comply with the requirements of Social Security Ruling 00-4p. Ruling 00-4p requires the ALJ to ask the vocational expert if her testimony about what jobs a claimant can perform is consistent with the information provided by the *Dictionary of Occupational Titles* [*DOT*]. In this case, the ALJ failed to ask the necessary question. And, two of the five jobs mentioned by the vocational expert (order clerk and sales clerk) are assigned a specific vocational preparation [SVP] of a three or four, which is indicative of semi-skilled work.[2] The ALJ established her RFC for simple, unskilled work. [Tr. 16]. Removing these two positions from the vocational expert's total number of jobs in the regional economy leaves Ms. Jones able to perform 1175 jobs instead of 1900 jobs. Because this court finds 1175 is still a substantial number of jobs in the regional economy, the ALJ's error in failing to follow Ruling 00-4p was harmless.

After careful consideration of the entire record of proceedings related to this case, Ms. Jones' motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be

---

[2] The position of order clerk has a SVP of four; sales clerk has a SVP of three. *DOT* 249.362-026 and 290.477-014

dismissed.

      An appropriate order will follow.

           ENTER:

                                    <u>s/Thomas Gray Hull</u>
                                    THOMAS GRAY HULL
                                        SENIOR U. S. DISTRICT JUDGE